JAMES J. DORLAN, Respondent, v. SAN FRANCISCO & SAN JOSE R. R. CO., Appellant.

No. 1660; January 11, 1869.

Appeal.—Where There has Been Conflicting Evidence at the trial, the findings of the trial court are not to be interfered with on appeal.

Railroad—Embankment—Injury to Adjoining Proprietors.—The right of a railroad company to erect an embankment along its line is coupled by law with the condition that it shall take reasonable precautions against doing an unnecessary damage to adjoining property holders.

APPEAL from Twelfth Judicial District, San Francisco County.

A. Teague for respondent; C. N. Fox for appellant.

CROCKETT, J.—We cannot disturb the decision and judgment of the district court, on the ground that there was no

proof of damage to the plaintiff, or that the damages were excessive. In the most favorable view for the defendant of the proofs in the cause, the evidence as to damages was conflicting, and in such cases we do not interfere with the action of the court below.

The only remaining point made by the appellant is, that the injury which the plaintiff suffered, if any, was damnum absque injuria. The argument of counsel is, that the defendant, in constructing its railroad, found it to be necessary to throw up an embankment in front of the plaintiff's property, and if the work was skillfully and carefully done, the defendant is not liable for the damage to the plaintiff in flooding his land, even though the injury was the natural or necessary result of the embankment. In other words, the proposition is, that the defendant had the lawful right to construct its railroad where it did; and that if it performed the work in a skillful and proper manner it is not liable for any damage caused to the plaintiff by the flooding of his land, in consequence of a necessary embankment. Without stopping to inquire into the soundness of this proposition, it is sufficient to say that the facts do not support the counsel's theory. It was proved that the embankment was properly constructed and was necessary in building the road; but it was not proved that the defendant took suitable precaution, by providing proper and sufficient culverts, to avoid overflowing the plaintiff's land. On the contrary, Easton, the county surveyor, who was the chief witness examined on this point, testified that if proper culverts and ditches had been made, the overflow might have been avoided; and Ames, the only witness for the defense, testified that, in his opinion, "if there was a culvert made on the main street, it would obviate the difficulty." If it be conceded, then, that the defendant had the right to erect the embankment, this right was coupled with the condition that it should take all reasonable precaution against doing an unnecessary damage to the adjoining property. If, in despite of these precautions, damage had resulted, the case would have been what the counsel erroneously assumes this case to be; but the legal proposition which he invokes is not applicable to the facts disclosed on the trial.

Judgment affirmed and remittitur ordered to issue forthwith.

We concur: Sawyer, C. J.; Sprague, J.; Rhodes, J.; Sanderson, J.